UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

NOV 29 2012

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

| | |
|---|---|
| JAHMAD HALL, | : |
| Petitioner | : |
| v. | : CIVIL NO. 3:CV-12-2373 |
| COMMONWEALTH OF PENNSYLVANIA, et al., | : (Judge Kosik) |
| Respondents | : |

## MEMORANDUM

On November 28, 2012, Petitioner Jahmad Hall, a pre-trial detainee presently confined at the Montour County Prison, Pennsylvania, initiated the above petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition has been given preliminary consideration and, for the reasons that follow, the court will dismiss this action without prejudice because there are ongoing state court criminal proceedings. See R. Governing § 2254 Cases R. 4 (stating "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner").[1]

---

[1] Petitioner will be granted in forma pauperis status for the sole purpose of filing the instant petition.

I. **Background**[2]

Hall was arrested on February 23, 2012, and charged with the following: Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver; Criminal Attempt - Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver; Conspiracy - Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver; and Possession of Controlled Substance. Bail was originally set at $150,000.00 on February 24, 2012, and later reduced to $75,000.00 on June 19, 2012. Hall remains confined in that he has not posted bail. In the petition, Hall claims that he is being unlawfully detained. He challenges his confinement on the basis that he has not yet been presented with a formal indictment or had the opportunity to confront the injured party. (Doc. 1, Pet. at 2.) He further challenges the amount of the bail imposed upon him as excessive. Based upon the foregoing, he requests this court to determine the lawfulness of his detention.

II. **Discussion**

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 494

---

[2] This is the second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Hall raising these claims. The first petition filed in Civil Action No. 3:CV-12-1747 was dismissed, without prejudice, as premature on September 5, 2012. Some of the relevant background facts contained herein are gathered from this earlier action.

(1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993).[3] Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), which provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. A petition may be dismissed without review of an answer when the petition is frivolous, or obviously lacking in merit, or where the necessary facts can be determined from the petition itself . . . ." Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Pursuant to 28 U.S.C. § 2254, a person in state custody may file an application for a writ of habeas corpus challenging the fact or length of his or her confinement. However, this section specifically provides that the person must be in custody pursuant to the judgment of a State court. See 28 U.S.C. § 2254(a). It is apparent from the instant petition that Hall has not yet been tried or convicted on the criminal

---

[3] Conversely, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. See Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). "Habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993). Therefore, any claims in which Hall seeks to impose liability due to the deprivation of Constitutional rights, as opposed to obtaining speedier release from custody, must be brought in a civil rights action.

charges he faces in Montour County, and thus, he is not yet in custody pursuant to the judgment of a state court.

Notwithstanding this deficiency, generally, federal courts must adjudicate all cases and controversies that are properly before them. New Orleans Pub. Serv., Inc. v. Counsel of City of New Orleans, 491 U.S. 350, 358 (1989). Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." Heritage Farms, Inc. v Solebury Twp., 671 F.2d 743, 746 (3d Cir.1982). In Younger v. Harris, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." Yi Yang v. Tsui, 416 F.3d 199, 202 (3d Cir. 2005)(discussing Younger, 401 U.S. 37 (1971)). The Younger Court based its decision on the principles of comity and "the longstanding public policy against federal court interference with state court proceedings." Younger, 401 U.S. at 43. Younger abstention applies when the following three requirements are met: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010)(quoting Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir. 2005)).

Notably, even when all requirements are met, abstention is not appropriate when the following extraordinary circumstances exist: "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute . . . ." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989). These exceptions are to be narrowly construed. Loftus v. Twp. of Lawrence Park, 764 F. Supp. 354, 357 (W.D. Pa 1991).

It is clear that Hall is involved in ongoing criminal proceedings which implicate important state interests. There is no indication that Hall has taken advantage of the state court proceedings available to him to pursue the issues raised in the instant petition such as by seeking relief in the Court of Common Pleas or an appeal to the Pennsylvania Superior Court from any denial of relief. Because it is possible that there is relief available at the state court level, there is an absence of extraordinary circumstances that would warrant our intervention in this matter. Thus, out of deference to the state judicial process, it is appropriate to abstain from entertaining the petition. Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir. 1992). Based on the foregoing, the petition will be dismissed without prejudice.

### III. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). In the instant case, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue. An appropriate order follows.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JAHMAD HALL, :
:
Petitioner :
:
v. : CIVIL NO. 3:CV-12-2373
:
COMMONWEALTH OF : (Judge Kosik)
PENNSYLVANIA, et al., :
:
Respondents

## ORDER

AND NOW, THIS 29th DAY OF NOVEMBER, 2012, in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Petitioner is granted leave to proceed in forma pauperis for the sole purpose of filing the instant petition.

2. The petition for writ of habeas corpus is **dismissed without prejudice**.

3. The Clerk of Court is directed to **close this case**.

4. A certificate of appealability will not issue.

_____
EDWIN M. KOSIK
United States District Judge